```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                       SOUTHEASTERN DIVISION

RONNIE DALE WALKER,                )
                                   )
               Plaintiff,          )
                                   )
        v.                         )       No. 1:09-CV-104-SNLJ
                                   )
SCOTT THOMSEN, et al.,             )
                                   )
               Defendants.         )
```

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Ronnie Dale Walker (registration no. 45051) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $38.75, and an average monthly account balance of $3.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff, an inmate at the Crossroads Correctional Center, seeks monetary, declaratory, and injunctive relief in this 42 U.S.C. § 1983 action against Scott Thomsen (Associate Circuit Judge, Bollinger County), Stephen Gray (Prosecuting Attorney, Bollinger County), and J. Hickman (Missouri State Highway Patrol Officer). Plaintiff alleges that, in violation of Missouri law and his Fifth and Fourteenth Amendment due process rights, defendants knowingly and in bad faith destroyed DNA evidence that "would have established [his] innocence" and overturned his conviction and sentence. Plaintiff claims that defendants have thereby caused him to be deprived of his liberty from November 1, 2001, through October 1, 2043.

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court concludes that his claims for monetary relief are barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)("[T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus.")  See also Penley v. Collin County, Texas, 446 F.3d 572 (5th Cir. 2006)(Heck barred inmate's § 1983 claims arising out of the allegedly unconstitutional post-conviction destruction of evidence that could have been submitted for DNA testing); Ross v. Lehigh County District Attorney's Office, 2008 WL 5234411 (E.D.Pa. 2008)(same).[1]

Plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question. Moreover, in light of his allegations that the DNA evidence would have established his innocence, allowing plaintiff to recover damages for his allegedly unconstitutional imprisonment would necessarily imply the unlawfulness of his conviction. As such, the Court concludes that plaintiff's claims for monetary relief are

---

[1] But cf. District Attorney's Office for the Third Judicial Dist. v. Osborne, 129 S.Ct. 2308, 2319 (2009) (where inmate brought post-conviction § 1983 action to compel the release of certain biological evidence so it could be subjected to DNA testing, United States Supreme Court assumed, without deciding, that inmate's claim was not barred by Heck v. Humphrey, 512 U.S. 477 (1994)).  In the instant action, plaintiff is not seeking access to DNA evidence, but rather is suing for the allegedly wrongful destruction of DNA evidence that he claims would have established his innocence and overturned his conviction.  As such, to rule in plaintiff's favor would necessarily imply the invalidity of his confinement.

4

barred by Heck.  Based on this same reasoning, the Court, in its discretion, will not entertain plaintiff's prayer for declaratory, relief.  See Canal Ins. Co. v. Ashmore, 126 F.3d 1083, 1087 (8th Cir. 1997) ("The [Declaratory Judgment] Act 'confers a discretion on the courts rather than an absolute right upon the litigant'").

Last, the Court will dismiss, for lack of standing, plaintiff's request for injunctive relief, "enjoining [defendants] from further violating the rights of citizens by destroying DNA evidence."  Plaintiff simply is not in a position to assert this request on behalf of other citizens.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $7.75 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of September, 2009.

_____
**UNITED STATES DISTRICT JUDGE**